IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,

    Plaintiff,

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI, and
MICHAEL VALDEZ,

    Defendant(s).
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants John Morgan, Matt Morgan, All in One Enterprises, LLC and Advanced Investments, LLC's (collectively, "the Morgan Defendants") **[Unopposed] Forthwith Motion for Order Allowing Discovery Pursuant to F.R.C.P. 26(d)** [Docket No. 13; filed May 5, 2008] (the "Motion"). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART.**

The Morgan Defendants seek discovery of documents in the possession of a Receiver appointed by the state court for real property located at 12835 E. Arapahoe Avenue, Tower 2, Englewood, Colorado (the "Property"). The Morgan Defendants aver that non-party Danny N. DeGrande, who is currently a debtor in bankruptcy, "has requested access from the Receiver to retrieve and/or remove certain files, computers, and

documents from Suites 200 and 250 of the Property." *Motion*[#13], pp. 2-3. The Morgan Defendants further assert that although this case is not "at issue," the parties agree that "commencement of discovery regarding the documents and files located at Suites 200 and 250 of the Property is appropriate at this time, due to the considerable risk that should Mr. DeGrande be permitted access to the Property at the present time, the documents and files will be destroyed and/or altered." *Id.* at 3. The Morgan Defendants seek an expedited order permitting such discovery to commence, and also seek an order allowing a "neutral third party to access the documents and files to copy them, and then seal and secure the copies," or, in the alternative, "that the documents and files be inventoried and videotaped by a third party . . . ." *Id.* at 4.

Fed. R. Civ. P. 26(e) prohibits discovery before the parties have conferred as required by Rule 26(f) except "when authorized by these rules, by stipulation, or by court order." The parties have, in essence, stipulated that the discovery sought by the Morgan Defendants may occur, and the Court finds good cause to allow pre-conferral discovery regarding the documents at issue. Accordingly, to the extent that the Motion seeks an Order permitting such discovery before the parties have conferred as required by Rule 26(f), it is **granted**.

However, the Court has no authority over non-parties like the Receiver, the entities who may own or possess the documents sought, or Mr. DeGrande. Accordingly, to the extent that the Motion seeks an order granting access to the documents which are apparently controlled by a non-party or non-parties, it is **denied.**

**IT IS FURTHER ORDERED** that the parties may seek to obtain the requested discovery through service of subpoenas pursuant to Fed. R. Civ. P. 45.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: May 12, 2008