IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,

    Plaintiff,

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI,
MICHAEL VALDEZ,
WYCO EQUITIES, INC., a Wyoming corporation, and
FLOYD LEGERSKI,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to File Second Amended Complaint** [Docket No. 40; Filed August 1, 2008] (the "Motion"). The Court has reviewed the Motion, Defendants Wyco Equities, Inc. and Floyd Legerski's Response [Docket No. 45; Filed August 20, 2008], Plaintiff's Reply [Docket No. 47; Filed August 21, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

This case arises out of multiple commercial real estate transactions and loans provided by Plaintiff in conjunction with those transactions. *First Amended Complaint* [#26]

1

at 4-8. Plaintiff brings claims for breach of contract, misrepresentation and concealment, fraud and civil conspiracy. *Id.* at 8-12. Plaintiff now requests leave to file a Second Amended Complaint in order to provide "further supporting factual allegations and two additional claims against Defendants, Wyco Equities, Inc. ("Wyco") and its president, Floyd Legerski ("Legerski")." *Motion* [#40] at 1. Specifically, Plaintiff seeks to add a Fifth Claim for Relief against Wyco and Legerski pursuant to the doctrine of *respondeat superior*, and a Sixth Claim for Relief against Wyco and Legerski pursuant to Colo. Rev. Stat. § 18-4-405. *Id.* at 3. Plaintiff argues that there is no bad faith or delay evident in its motion, and as the deadline to amend pleadings was set for August 15, 2008, Plaintiff should be freely allowed to amend. *Id.*

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1586 (10th Cir. 1993) (internal citations omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

Defendants do not argue that any undue delay, prejudice, bad faith or dilatory motive is apparent in Plaintiff's Motion to Amend. Instead, Defendants allege that Plaintiff should not be permitted to amend its Complaint on the basis of "failure to cure deficiencies by amendments previously allowed," arguing that Plaintiff's First Amended Complaint is

2

deficient as it pleads fraud allegations "upon information and belief," and that Plaintiff's Second Amended Complaint also contains this same deficiency. *Response* [#45] at 2. Defendants further argue that they have filed a Motion to Dismiss the First Amended Complaint [Docket No. 34; Filed July 2, 2008], which asserts that Plaintiff's fraud and civil conspiracy claims that are based on "information and belief," are "founded upon conjecture and speculation and do not meet the requirements of Fed. R. Civ. P. 8 or 9(c)," and therefore should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Motion to Dismiss* [#34] at 2. Accordingly, Defendants request that the Court deny Plaintiff's Motion to Amend as premature, or hold it in abeyance pending a ruling on the Motion to Dismiss. *Response* [#45] at 3.

The Court first notes that Defendants' Motion to Dismiss [#34] has not been referred to it for a recommendation. As such, the Court expresses no opinion as to the merits of Defendants' argument that fraud allegations based upon information and belief are insufficient to state a claim for relief. Instead, the Court must be guided by the rule that amendments pursuant to Rule 15(a) are freely granted. *Castleglenn, Inc.*, 984 F.2d at 1586. Further, as Plaintiff has moved to amend its First Amended Complaint within the deadline to amend set forth in the Scheduling Order [Docket No. 21], the Court finds no evidence of undue delay, prejudice or bad faith, and that justice requires Plaintiff be allowed to amend its First Amended Complaint.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion for Leave to File Second Amended Complaint** [Docket No. 40; Filed August 1, 2008] is **GRANTED**. Plaintiff's Second Amended Complaint [Docket No. 40-2; Filed August 1, 2008] is **accepted**

3

**for filing** as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Second Amended Complaint on or before **September 8, 2008**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: August 29, 2008