# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,
Plaintiff,

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI,
MICHAEL VALDEZ,
WYCO EQUITIES, INC., a Wyoming corporation, and
FLOYD LEGERSKI,
DANNY DEGRANDE,
DEGRANDE PROPERTIES, LLC, and
IB PROPERTY HOLDINGS, LLC
Defendants.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of any party to this action and/or information contained in any party's confidential business records, personnel records, documents, materials, and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys who are actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    (c)    the parties;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings;

    (e)    the Court in this case and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(g) deponents and witnesses identified in the F.R.C.P. 26 disclosures in this case, including any supplemental disclosures; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents.

7. Documents designated as CONFIDENTIAL should be filed in accordance with the procedures for "Sealed Document Filing in Public Cases" as set forth in the United States District Court – District of Colorado Electronic Case Filing User Manual, Version 3.1 (effective October 22, 2007) at 93 and the United States District Court – District of Colorado Electronic Case Filing Procedures (Civil Cases), Version 3.0 (effective December 1, 2007) at 21-22:

(a) A Motion to Seal must be submitted electronically in accordance with the Local Rules of the United States District Court – District of Colorado.

(b) At the same time, the party should electronically submit the document under seal using the "Sealed Document" event. Parties should only submit sealed documents using the "Sealed Document" event. Any document submitted under a different event will not be sealed from public view.

(c) A Notice of Electronic Filing will be generated for the sealed document, but the document will not be viewable.

(d) Sealed documents may not be viewed electronically by attorneys of record, parties to the case, and PACER users by using the PACER system. Attorneys of record, parties to the case, and PACER users may view the sealed document docket entry on the docket sheet.

(e) All sealed documents must be served in paper format in accordance with the Federal Rules of Civil Procedure. The court's electronic notice facilities will not be available on sealed documents.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice

shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the party objecting to designation fails to file such a motion within the prescribed time, the disputed information shall be deemed CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party objecting to designation of the information as CONFIDENTIAL shall bear the burden of establishing that the disputed information should not be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: *March 30, 2009*

SO ORDERED:

_____
United States ~~District Court~~ Judge'
Magistrate

Respectfully submitted,

By: __s/ Jeffrey J. Cowman__
    Jeffrey J. Cowman, Esq.
    Ballard Spahr Andrews & Ingersoll, LLP
    1225 17th Street, Suite 2300
    Denver, CO 80202
    Telephone: 303.292-2400
    Fax:       303.296-3956
    Email:    cowmanj@ballardspahr.com
    *Attorneys for Plaintiff Bayview Loan Servicing, LLC and Defendant IB Property Holdings, LLC*

By: _____
    David Pavek, Esq.
    Ryan Clement, Esq.
    David Pavek & Associates
    2696 S. Colorado Blvd., #570
    Denver, CO 80222
    Telephone: 303.715.9682
    Fax:       303.715.9674
    Email:    davidp@univlawcenter.com
    Email:    ryanc@univlawcenter.com
    *Attorneys for Defendants and Third-Party Plaintiff All in One Enterprises, LLC, John Morgan, Advanced Investments, LLC and Matt Morgan*

By: __s/ Michael J. Knauf__
    Michael J. Knauf, Esq.
    Peter Calder Snowdon, Esq.
    Ogborn, Summerlin & Ogborn, LLC
    1120 Lincoln St., Suite 1100
    Denver, CO 80203
    Telephone: 303.861.7472
    Fax:       303.831.0551
    Email:    mknauf@osolaw.com
                pcsnowdon@hotmail.com
    *Attorneys for Defendants David J. Boland, David Corsentino and Michael Valdez*

By: __s/ Mark W. Williams__
    Mark W. Williams, Esq.
    Melissa N. Kerin, Esq.
    Sherman & Howard
    633 Seventeenth St., Suite 3000
    Denver, CO 80202
    Telephone: 303.299.8211
    Fax:       303.298.0940
    Email:    mwilliams@shermanhoward.com
                mkerin@shermanhoward.com
    *Attorneys for WyCo Equities, Inc. and Floyd Legerski*

By: __s/ Scott Gelman__
    Scott Gelman, Esq.
    Douglas Norberg, Esq.
    Gelman & Norberg, LLC
    5990 Greenwood Plaza Blvd, Suite 118
    Greenwood Village, CO 80111
    Telephone: 303-740-8494
    Fax:       303-740-8495
    Email:    sgelman@gelmannorberg.com
                dnorberg@gelmannorberg.com
    *Attorneys for WyCo Equities, Inc. and Floyd Legerski*