IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,

    Plaintiff,

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI, and
MICHAEL VALDEZ,
WYCO EQUITIES, INC., a Wyoming corporation, and
FLOYD LEGERSKI,

    Defendants.
_____

## ORDER GRANTING MOTION TO COMPEL
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants Wyco Equities, Inc. and Floyd Legerski's Motion: (1) to Compel Discovery Responses from Defendants John Morgan, Matt Morgan, All In One Enterprises, LLC and Advanced Investments, LLC** (The "Morgan Defendants")**; (2) to Deem Requests for Admissions Admitted; and (3) for Sanctions** [Docket No. 122; Filed March 24, 2009] (the "Motion to Compel"). Defendants Wyco and Legerski request an Order (1) compelling the Morgan Defendants to respond within 10 days to the Interrogatories and Request for Production of Documents; (2) deeming the Requests for Admissions admitted; and (3) granting attorney's fees and

costs incurred in filing the Motion to Compel.

On March 19, 2009, the Court granted the Motion to Withdraw filed by counsel for the Morgan Defendants [Docket No. 121]. In the Minute Order granting the motion to withdraw, the Court also noted that the Morgan Defendants had been notified of their obligations to prepare for any hearings or trial and respond to any motions or deadlines, or hire other counsel to prepare for any such hearings, trial or motions. Further, the Court noted that the Morgan Defendants had been advised that corporations, partnerships, or other legal entities cannot appear without counsel.

On April 10, 2009, the Court received a letter from the Morgan Defendants stating that they could not afford a lawyer and did not understand the legal requirements in this case [Docket No. 133]. The Court construed the Morgan Defendants' letter as a motion for extension of time to respond to Defendants Wyco Equities, Inc. and Floyd Legerski's Motion to Compel [Docket No. 134]. The Morgan Defendants were ordered to respond to the Motion on or before May 8, 2008. As of this date, the Morgan Defendants have not responded to the Motion to Compel. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Compel is **GRANTED**. The Morgan Defendants failed to respond to the Motion to Compel or offer any explanation relating to Defendant Wyco and Legerski's allegations of their discovery abuses. It is the nonmoving party's burden to show why a discovery request is objectionable. Failure to raise an objection in the response to a motion to compel is deemed a waiver of that objection. *See Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 nn.15-16 (D. Kan. 2005). "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite

the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).  I find that Defendants Wyco and Legerski's discovery requests are reasonable and that the Morgan Defendants failed to respond to the discovery request or the Motion to Compel.

IT IS FURTHER **ORDERED** that Defendants Wyco and Legerski's request for their reasonable attorney's fees and other appropriate relief is **GRANTED**.   **First,** the Court orders that the Morgan Defendants' failure to timely respond to the Motion to Compel and raise any objection they may have to the discovery requests waives all such objections, other than those based on applicable privileges. The Morgan Defendants must, therefore, respond to the outstanding discovery requests in full, without objection, except objections based upon applicable privileges. **Second,** the Morgan Defendants shall pay the reasonable attorney's fees and expenses incurred by Defendants Wyco and Legerski relating to litigating the Motion.  It is within the Court's discretion to award reasonable attorney's fees to Defendants pursuant to Fed. R. Civ. P. 37(a).  Nothing in the record before the Court excuses the Morgan Defendants' failure to comply with their discovery obligations and to respond to the outstanding discovery request.

IT IS FURTHER **ORDERED** that on or before **June 5, 2009**, Defendants Wyco and Legerski shall file an affidavit or affidavits of attorney's fees and costs incurred in litigating the Motion.  The Morgan Defendants' objection, if any, to the affidavit(s) submitted by Defendants Wyco and Legerski shall be filed by **June 12, 2009.**

IT IS FURTHER **ORDERED** that on or before **June 5, 2009**, the Morgan Defendants

shall respond to the Defendants Wyco and Legerski's Interrogatories and Request for Production of Documents.

The Morgan Defendants' failure to comply with this Order may result in the imposition of further sanctions, including a recommendation that default judgment be entered against them pursuant to Fed. R. Civ. P. 37(b).

Dated:   May 20, 2009

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge