IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,

    Plaintiff,

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI, and
MICHAEL VALDEZ,
WYCO EQUITIES, INC., a Wyoming corporation, and
FLOYD LEGERSKI,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on an **Affidavit of Attorney Fees** [Docket No. 143; Filed June 5, 2009] filed by counsel for Defendants Wyco Equities, Inc. and Floyd Legerski. On May 20, 2009, the Court issued an Order granting Defendants Wyco and Legerski's motion to compel Defendants John Morgan, Matt Morgan, All in One Enterprises, LLC and Advanced Investments, LLC (the "Morgan Defendants") to respond to discovery requests. [Docket No. 139].  The Court also granted Defendants Wyco and Legerski's request for attorney's fees pursuant to Fed. R. Civ. P. 37(a) and ordered that they submit an affidavit to the Court detailing the attorney's fees incurred in litigating the Motion to Compel.  The

Morgan Defendants have not responded to the Order Granting Motion to Compel or the Affidavit of Attorney Fees submitted by Defendants Wyco and Legerski.

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996). Generally, a party seeking an award of attorney's fees and costs must demonstrate that the fees and costs he seeks are reasonable. *Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 435.

Counsel for Defendants Wyco and Legerski has submitted an affidavit detailing the costs in litigating the Motion to Compel. Counsel claims $993.00 in fees based on 1.2 hours of work at $245 per hour for lead counsel, 3.1 hours of work at $165.00 per hour for an associate, and 1.5 hours of work at $125.00 per hour for a paralegal. *Affidavit* [# 143] at ¶ 3. I conclude that the amount of fees claimed by Defendants is reasonable. Accordingly,

IT IS HEREBY **ORDERED** that the Morgan Defendants reimburse Defendants Wyco Equities, Inc. and Floyd Legerski in the amount of **$993.00** for the attorney's fees incurred in litigating the Motion to Compel.

Dated:        July 13, 2009

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge