IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,

    Plaintiff,

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI, and
MICHAEL VALDEZ,
WYCO EQUITIES, INC., a Wyoming corporation, and
FLOYD LEGERSKI,

    Defendants.
_____

## ORDER ON MOTION TO COMPEL
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant Wyco Equities, Inc. and Floyd Legerski's Motion to Compel Discovery as to Plaintiff** [Docket No. 152; Filed June 16, 2009] (the "Motion").  The Court has reviewed the Motion, Plaintiff's Response to Motion to Compel [Docket No. 156], Defendant Wyco Equities, Inc. and Floyd Legerski's Reply in Support of Their Motion to Compel Discovery as to Plaintiff [Docket No. 166], the entire case file and relevant law, and is fully advised in the premises.  For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

1

I. Background

According to the Second Amended Complaint, this case concerns eighteen loans provided by Plaintiff for the purchase of commercial condominium units by Defendants Boland, Corsentino, All in One Enterprises, LLC, Matt Morgan, Advanced Investments, Pankoski, and Valdez ("Purchasers"). *Second Amend. Compl.* [#49] ¶ 16. Plaintiff is a loan servicing company and the holder of the loans. *Id.* ¶ 15. Plaintiff alleges that the Purchasers have not made payments required under the loans and are in default. *Id.* ¶ 28. Plaintiff also alleges that the Purchasers misrepresented their financial ability to make loan payments. *Id.* ¶ 31. Plaintiff further asserts that the Purchasers falsely stated that the units were to be owner-occupied or was purchased for the purposes of operating the owner's business. *Id.* ¶ 32.

Wyco Equities was the seller of the units sold to Purchasers. *Id.* ¶ 33. Defendant Legerski is the president of Wyco. *Id.* ¶ 11. Plaintiff alleges that Wyco entered into an agreement with Danny DeGrande and Degrande Properties, LLC for DeGrande to solicit individuals to buy the condominium units and to sell the units in excess of the fair market value. *Id.* ¶ 34. Wyco and DeGrande allegedly concealed this agreement from Plaintiff and the Purchasers. *Id.* ¶ 35. Plaintiff alleges that Wyco and DeGrande sold eighteen units at highly inflated prices and split the proceeds. *Id.* ¶¶ 36, 42. Plaintiff asserts that DeGrande provided to the Purchasers down payments in order to facilitate sales and hid the fact from Bayview. *Id.* ¶ 44. Plaintiff asserts that Wyco's payments to DeGrande were part of a conspiracy to aid and abet DeGrande's unlawful activities in soliciting and inducing the Purchasers to buy the units. *Id.* ¶ 47.

Plaintiff brings breach of contract and misrepresentation and concealment claims

against the Purchasers.  *Id.* ¶¶ 49-62.  As to Wyco and Legerski, Plaintiff alleges claims for fraud, civil conspiracy, respondeat superior, and theft under Colorado law.  *Id.* ¶¶ 63-88. Wyco and Legerski have filed crossclaims and counterclaims. Wyco's crossclaims allege that the Purchasers are liable for fraudulent misrepresentation,  fraudulent concealment, and civil conspiracy.  *Crossclaims* [#95] ¶¶ 42-59.   Wyco brings numerous crossclaims against Danny Degrande and DeGrande Properties, Bayview and IB Property Holdings, LLC, a holding company for Bayview.  *Id.* ¶¶ 60-93.  Wyco also alleges counterclaims against Plaintiff.  *Id.* ¶¶ 94-103.

## II. Motion to Compel

Defendants Wyco and Legerski ("Wyco" or "Defendants") submitted interrogatories, requests for production of documents, and requests for admissions to the Plaintiff on January 15, 2009.  *Motion* [#152] Ex. A.  Plaintiff provided its answers and responses.  *Id.* Ex. B.  Defendants allege that the responses are evasive and incomplete.  *Id.* at 2. Generally, Defendants claim that Plaintiff has produced over 25,000 pages of documents on numerous compact discs ("CDs") which were not catalogued or indexed.  *Id.* at 3. Defendants assert that "Plaintiff has done nothing to provide meaningful answers or documents that allow [them] to understand the factual basis for the claims that Plaintiff has asserted against them."  *Id.* at 4.  Defendants Wyco and Legerski request that Plaintiff  be ordered to provide "completed interrogatory answers and specifically identify the documents that it relies on in responding to the discovery."  *Id.* at 4-5.

Plaintiff's position is that it provided over 25,000 pages of documents in response to the discovery requests.  *Response* [#156] at 5.  The documents are on CDs which were provided to Defendants.  *Id.* at 5, 6, 9.  Plaintiff claims that the responses have been

indexed on each CD and clearly arranged by topic and subtopic. *Id.* at 5, 19. According to Plaintiff, it has "devoted substantial resources in providing to Defendants all of the information and tools needed to easily navigate those documents." *Id.* at 9.

In its response to a number of interrogatories and requests for production, Plaintiff represents that the documents "have previously been produced or are produced herewith and remain available for all parties' review and inspection at the offices of Plaintiff's counsel." *See* Interrogatories 4, 6, 7, 9, 11, 12, 13, 14, 22, and 23; Document Production Requests 1, 3, 4, 5, 8, 9, 12, 14, 15, 16, 17, 18, and 21. *Motion* [#152] Ex. A.[1] Plaintiff provided responsive documents – the Purchasers' loan files -- on CDs. Plaintiff sent accompanying letters to Defendants' counsel on October 24, November 5 and November 17 of 2008. *Response* [#156] at 5-6. Plaintiff also provided Defendants with a supplemental document production response. *Reply* [#152] Ex. C. Defendants contend that the supplement "identifies thousands of pages of documents by general categories," and are also evasive and incomplete. *Motion* [#152] at 3.

Defendants bear the burden of proof on their motion to compel. *Echostar Communs. Corp. v. News Corp.,* 180 F.R.D. 391, 394 (D. Colo. 1998). The party moving to compel discovery must prove that the opposing party's answers are incomplete. *Daiflon Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10th Cir. 1976); *Equal Rights Ctr. v. Post Props.*, 246 F.R.D. 29, 32 (D.D.C. 2007). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

---

[1] Defendants have withdrawn their motion to compel as to Interrogatories 13 and 16 and Requests for Production 10,13,14,15,16,17,18, and 19. *See Reply* [#166] at 14, 20, 21, 22.

To justify its discovery responses, Plaintiff cites Fed. R. Civ. P. 33(d), which provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> 
> > (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> > 
> > (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

As a general rule, "the responding party must specify which records contain the information sought by the interrogatory." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2178. "In some instances, responding parties have provided, or been required to provide, detailed roadmaps. Less precise designations have also been found adequate for some purposes. But it is clear that a simple offer to produce unspecified responsive materials is not sufficient designation to satisfy" Rule 33(d). *Id.*

Fed. R. Civ. P. Rule 33(d) is not satisfied by the "wholesale dumping of documents." *O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 277 (C.D. Cal. 1999). However, in responding to interrogatories, "a party cannot ordinarily be forced to prepare its opponent's case." Wright Miller & Marcus § 2174. "A party may refer to records, as opposed to providing a narrative, if the records are clearly identified." *Continental Ins. Co. v. Chase Manhattan Mortgage*, 59 Fed. Appx. 830, 837 (7th Cir. 2003). A general reference to responsive documents is an insufficient response. *Pardick v. Barrow*, No. 07-cv-02056-WYD-MEH, 2008 WL 2902623, at *2 (D. Colo. July 24, 2008); *see also*

*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004) (party may not merely refer to other pleadings "hoping that [the party] will be able to glean the requested information from them."); *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304, 1999 WL 397567, at * 8 (D. Kan. July 22, 1996)(under Rule 33(d) the response must identify the specific responsive documents).

This case is about eighteen loans provided by Plaintiff to the Purchasers of condominium units owned by Wyco.  The overwhelming majority of Defendant Wyco's Interrogatories and Requests for Production concern the history of those loans.  In response to Wyco's requests, Plaintiff produced three CDs.  The Court has reviewed the contents of one of the CDs.[2]  The CDs have loan file folders clearly identifying the loan number.  Inside each folder is an extensive alphabetized index of specific categories or topics pertaining to the individual loan (e.g. "Appraisal" and "Underwriting").

As Plaintiff correctly notes, the CDs contain "complete, fully indexed and catalogued loan files for the loans obtained by [the] Purchasers." *Response* [#156] at 5.  In a case similar to this one, the Seventh Circuit stated that "providing the loan account number (where the documents are organized by account number) and the requested information in a spreadsheet format more than adequately describes the relevant documents for purposes of Rule 33(d)." *Continental Ins. Co.* 59 Fed. Appx. at 839; *see also O'Connor*, 185 F.R.D. at 279 (approving under Rule 33(d) providing documents on a CD-ROM with a general index describing by topic and subtopic the information in the documents and a locator index).  However, the decisive question is whether the written responses to the

---

[2] Plaintiff represents that all the CDs are in the same format.

interrogatories and requests for production sufficiently identify the documents as organized on the CD. Plaintiff's responses to discovery by use of a CD must be in sufficient detail "to permit the interrogating party to locate and identify" the relevant documents. Fed. R. Civ. P. 33(d).

Defendants made general requests for responsive documents, e.g., Interrogatory 4, which requests all documents that support Plaintiff's response to Defendants' counterclaim and Plaintiff's affirmative defenses, and requests which seek more specific information, such as Interrogatory 12, which seeks communications between Plaintiff, its assignors and EZ Mortgage concerning the eighteen loans. For the general requests, Plaintiff's response that the information is on the CDs is sufficient. However, where Defendants ask for more specific information, Plaintiff is required to identify which documents on the CDs in which loan files are responsive, in order to comply with Rule 33(d)(1). With these guidelines in mind,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

IT IS FURTHER **ORDERED** that the Motion is **GRANTED** as to Interrogatories 6, 7, 9, 10, 11, 12, 14, 20, 22, and 23, and Request for Production 3, 4, 5, 8, and 9. Plaintiff shall provide Defendants with more complete and specific responses to these discovery requests **on or before August 31, 2009**.

IT IS FURTHER **ORDERED** that the Motion is **DENIED** as to Interrogatories 4, 16,

7

and 22, and Requests for Production 1 and 12.[3]

IT IS FURTHER **ORDERED** that each party shall bear its own costs associated with litigating this Motion.

**No further opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(A).  If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with the Court to attempt to resolve the issue.  Both of these steps must be completed before any contested discovery motions are filed with the Court.**

Dated:       August 6, 2009

BY THE COURT:

  s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge

---

[3] Plaintiff represents to the Court that it has provided or will provide the information requested in Interrogatories 7, 15, and 20, and Requests for Production 11 and 22. Therefore, the Motion is moot as to these discovery requests.