IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,

    Plaintiff,

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI, and
MICHAEL VALDEZ,
WYCO EQUITIES, INC., a Wyoming corporation, and
FLOYD LEGERSKI,

    Defendants.
_____

## ORDER ON MOTION TO QUASH
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Jason Pankoski's **Motion to Quash Service** [Docket No. 140; Filed May 28, 2009] (the "Motion"). The Court has reviewed the Motion, Defendant Pankoski's Supplement to Motion to Quash Service [Docket No. 145; Filed June 8, 2009], Defendants Wyco Equities, Inc. and Floyd Legerski's Response to Motion to Quash Service [Docket No. 154; Filed June 26, 2009], Defendant Pankoski's Reply to Response to Motion to Quash Service [Docket No. 155; Filed July 6, 2009] and the relevant law.

On August 11, 2009, the Court held an evidentiary hearing on the Motion, during

which the parties provided testimony and exhibits. Defendant Pankoski failed to appear at the hearing. For the reasons stated below, the Motion is **DENIED**.

## I. Background

The evidence at the hearing established that on February 26, 2009, Jeremy Glasoe, a process server for Defendants Wyco Equities and Floyd Legerski ("Wyco Defendants") served a summons and counterclaims and cross-claims pleadings against Defendant Pankoski at 2521 E. 123rd Drive, Thornton, Colorado. *Wyco Defendants'* Ex. 1. Wyco Defendants believed that address was Pankoski's usual place of abode. *Id.* Janis Mitchell, Pankoski's mother, who lives at the residence, answered the door for the process server. She informed him that Pankoski did not live there and she did not know where he was. After Ms. Mitchell closed the front door of the house, the process server affixed the summons and counterclaims and cross-claims documents to it. *Id.* He yelled through the door to Ms. Mitchell, stating that he was serving the summons, counterclaims, and crossclaims by her refusal to accept them. *Id.*

## II. Analysis

Defendant Pankoski moves to quash service on the ground that it did not comply with Fed. R. Civ. P. 4 and the Colorado Rules of Civil Procedure because he did not reside at the Thornton address on the date the documents were served there. *Motion* [#140] at 4. As the party challenging the service of process, Defendant Pankoski has the burden to prove that the service was inadequate. *Costin Engineering Consultants, Inc. v. Latham*, 164 F.R.D. 521, 523 (D. Colo. 1996). When considering a motion to quash service, the serving party need only make a *prima facie* case of proper service in order to defeat the motion. *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997);

*Wagner International, Inc. v. Mandal Alt Co., Ltd.*, No. 03-CV00195JLK, 2005 WL 1606900, at *2 (D. Colo. July 8, 2005).

Rule 4(e) of the Federal Rules of Civil Procedure applies to service of process on individuals. That Rule states that an individual may be served pursuant to state law, or by delivering a copy of the summons and complaint to the individual personally, leaving the summons and complaint at the individual's dwelling or usual place of abode, or delivering a copy to an agent authorized by appointment of law to accept service on the individual's behalf. Fed. R. Civ. P. 4(e)(1) & (2). Under Colorado law, personal service can be accomplished "[u]pon a natural person whose age is eighteen years or older" by delivering a copy of the summons and complaint to the person "at the person's usual place of abode, with any person who age is eighteen years or older and who is a member of the person's family ...." Colo. R. Civ. P. 4(e)(1). Colorado law specifically authorizes service by refusal: "If a person to be served refuses to accept a copy of the process, service shall be sufficient if the person serving the process knows or has reason to identify the person who refuses to be served, identifies the documents being served, offers to deliver a copy of the documents to the person who refuses to be served, and thereafter leaves a copy in a conspicuous place." Colo. R. Civ. P. 4(k).

The Federal Rules provide that service may be effected by *either* following the rules that apply to the forum state, Fed. R. Civ. P. 4(e)(1), *or* by applying the requirements of Fed. R. Civ. P. 4(e)(2). Wright & Miller*,* Federal Practice and Procedure: Civil 3d § 1094, at 512 ("If Plaintiff chooses to follow one of the specific means of service set out in [Rule 4(e)(2)] and complies with the prescribed procedure for doing so, service is effective regardless of whether or not that mode of service is valid under the forum state's law.").

The Wyco Defendants have attempted service on Defendant Pankoski pursuant to Colorado law. *Response* [#154] at 2.

In the Motion, Defendant Pankoski claims that in February 2009, he did not live at the address in Thornton, Colorado where the Wyco Defendants' documents were served by the process server. *Motion* [#140] Ex. 1 ¶ 2. Pankoski asserts in the affidavit attached to his Motion that he was living in Wyoming at the time. *Id.* ¶ 4. His mother, who was residing at the residence, also claims that Pankoski did not live at the Thornton address. In a conversation with his mother, Pankoski instructed her to send the served documents to Pankoski's attorney, which she did.

The Wyco Defendants provided evidence at the hearing that shows that Pankoski resided at the Thornton address in February 2009. For example, Pankoski filed a civil complaint in Jefferson County District Court on February 3, 2009. *Wyco Defendants'* Ex. B. In that complaint, Pankoski named Floyd Legerski as a defendant and asserted that he resided at 2521 E. 123rd Drive, Thornton, Colorado. *Id.* Moreover, the records of the Colorado Department of Motor Vehicles indicate that Pankoski resides at the Thornton address. *Wyco Defendants'* Ex. C & Ex. D. Colorado Division of Wildlife records indicate that from 1991 to 2009, Pankoski has applied for fishing and big game licenses. In the applications, he attested that he was a resident of Colorado and that he lived at the Thornton address. Moreover, he filed an application for a fishing license from an Aurora, Colorado sporting goods store in February of 2009. *Wyco Defendants'* Ex. E. In response, other than his self-serving affidavit, Pankoski has produced no evidence that he did not reside at the Thornton address in February 2009. Pankoski did not appear at the hearing to prosecute his motion. He has not contested the Wyco Defendants' testimony and

exhibits.

"The rules governing service of process are not designed to create an obstacle course for [serving parties] to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994). Furthermore, "would-be process servers are not entirely at the mercy of elusive defendants," and "[a] defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." *NLRB v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972). Given Defendant Pankoski's conduct, it appears to the Court that he is attempting to evade service in this case.

In considering a motion to quash based on insufficiency of service, the court must consider whether there has been "any material prejudice to any substantial rights of the complaining defendant." *Hawkins v. Dep't of Mental Health*, 89 F.R.D. 127, 128 (W.D. Mich. 1981). Service should not be quashed "when there has been substantial compliance with Rule 4, the mistake was innocent, and the [party served] was not prejudiced." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1354, at 351. As one court has observed, where "service was attempted in good faith, ... the defendant[] has timely notice of the action, and defendant[] can demonstrate no prejudice, it would appear to be a waste of resources to quash service and delay the progress of this action for a period of time, just to be back at this point some time in the future." *Rosenthal v. Jezioro*, No. 2:08-cv-81, 2008 WL 4900563, at *3 (D.N.J. Nov. 13, 2008).

Here, one of Pankoski's family members was served with the summons and counterclaims and cross-claims pleadings at an address where Pankoski indicated to a state court and state government agencies that he lived. Pankoski's mother, at his

direction, sent the documents to Pankoski's attorney.  Therefore, Pankoski now has a copy of the documents served on his mother.  Pankoski has offered no evidence of any prejudice he incurred as a result of the method of service employed here, and I find none.

The Wyco Defendants have attempted to comply with Rule 4.  The process server was sent to an address that Pankoski had indicated was his residence.  It was reasonable for the Wyco Defendants to serve the documents at that address. Even assuming there was an error in service, Pankoski has not been prejudiced by it.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

IT IS FURTHER **ORDERED** that the Wyco Defendants' request for their reasonable attorney's fees and costs accrued in litigating the Motion is **GRANTED**.

IT IS FURTHER **ORDERED** that on or before **August 25, 2009**, the Wyco Defendants shall file an affidavit or affidavits of attorney's fees and costs incurred in litigating the Motion. Defendant Pankoski's objection, if any, to the affidavit(s) submitted by the Wyco Defendants shall be filed by **September 4,  2009**.

IT IS FURTHER **ORDERED** that Defendant Pankoski shall answer or otherwise respond to the Wyco Defendants' Crossclaims and Counterclaims on or before **September 17, 2009**.


Dated:	August 14, 2009


		BY THE COURT:

		  s/ Kristen L.  Mix
		Kristen L.  Mix

6

United States Magistrate Judge