IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,

    Plaintiff,

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI, and
MICHAEL VALDEZ,
WYCO EQUITIES, INC., a Wyoming corporation, and
FLOYD LEGERSKI,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants Wyco Equities, Inc. and Floyd Legerski's **Affidavit of Attorney Fees and Costs Regarding Motion to Quash Filed by Defendant Jason Pankoski** [Docket No. 179; Filed August 24, 2009]. On August 11, 2009, the Court issued an Order denying Defendant Pankoski's Motion to Quash Service [Docket No. 175]. The Court also granted Defendants Wyco and Legerski's request for attorneys' fees and costs and ordered that they submit an affidavit to the Court detailing the attorneys' fees and costs incurred in litigating the Motion to Quash. Defendant Pankoski has not responded to the Affidavit of Attorney Fees and Costs submitted by Defendants

Wyco and Legerski.

The starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996). Generally, a party seeking an award of attorneys' fees and costs must demonstrate that the fees and costs he seeks are reasonable. *Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 435.

Counsel for Defendants Wyco and Legerski has submitted an affidavit detailing the attorneys' fees and costs incurred in litigating the Motion to Quash. Counsel claims $430.50 in costs and $7,421.50 in fees based on 19.70 hours of work at $245 per hour for lead counsel, .90 hours at $245.00 for a partner in the firm, 2.70 hours of work at $165.00 per hour for an associate, and .10 hours of work at $125.00 per hour for a paralegal. *Affidavit* [# 179] at ¶ 12. I conclude that the amount of fees and costs claimed by Defendants Wyco and Legerski is reasonable. Accordingly,

IT IS HEREBY **ORDERED** that on or before **October 13, 2009**, Defendant Pankoski shall reimburse Defendants Wyco Equities, Inc. and Floyd Legerski in the amount of **$7,852.00** for the attorneys' fees and costs incurred in litigating the Motion to Quash.

Dated:    September 11, 2009

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge