IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-cv-566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,
     Plaintiff

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JOHN PANKOWSKI,
MICHAEL VALDEZ,
WYCO EQUITIES, INC., a Wyoming corporation, and
FLOYD LEGERSKI,
     Defendants.

---

## ORDER ON MOTION TO DISMISS

Miller, J.

        This matter comes before me on Defendants WyCo Equities, Inc. ("WyCo") and

Floyd Legerski's ("Legerski") ("Seller Defendants") Motion to Dismiss Third, Fourth,

Fifth, and Sixth Claims for Relief in Plaintiff's Second Amended Complaint (Docket No.

54)[1] pursuant to Rule 12(b)(6).  Plaintiff opposes the motion.  Upon review of the

parties' filings, I conclude oral argument is not required.  For the reasons that follow, the

motion is denied in part and granted in part.

---

        [1] Docket No. 55 is an exact duplicate of Docket No. 54, and as such, Docket No.
55 contains no additional information that needs to be considered.

Background

This case arises out of a series of failed real estate transactions involving a number of office condominiums located in Arapahoe County, Colorado. Defendant WyCo was the seller of the condominiums (SAC ¶ 33) and Defendant Legerski was its president (SAC ¶ 11). Defendants David Boland, David Corsentino, John Morgan, All In One Enterprises, LLC, Matt Morgan ("Defendant Morgan"), Advanced Investments, LLC, Jason Pankowski, and Michael Valdez ("Buyer Defendants") were all buyers of the condominiums. (SAC ¶ 16.) Buyer Defendants obtained loans for the purchase of the condominiums from third party lenders (SAC ¶ 16) who all assigned rights and obligations under those loans to Plaintiff, Bayview Loan Servicing, LLC ("Plaintiff") (SAC ¶ 27). Buyer Defendants have since failed to make the required payments, and are now in default on the loans. (SAC ¶¶ 28-29.)

Plaintiff brought this case against Buyer Defendants (First and Second Claims for Relief) and against Seller Defendants alleging fraud (Third Claim for Relief), civil conspiracy (Fourth Claim for Relief), respondeat superior (Fifth Claim for Relief), and rights in stolen property (Sixth Claim for Relief). (SAC.) Specifically, Plaintiff alleges that: Seller Defendants entered into an agreement, dated February 15, 2007, ("the Agreement") with one Danny DeGrande of Century 21 Universal Brokerage, LLC ("DeGrande") to act as their agent and broker to solicit individuals to purchase the condominiums, and to engage in such conduct as was necessary to complete the purchase and sale of the condominiums (SAC ¶ 34); Seller Defendants substantially controlled and directed DeGrande in the efforts that he took in furtherance of Seller Defendants' business (SAC ¶ 39); Seller Defendants and DeGrande concealed the

2

Agreement from Buyer Defendants and from their lenders (Plaintiff's assignors) (SAC ¶ 35); and they misrepresented to Buyer Defendants and Plaintiff's assignors that DeGrande was merely a transaction broker with no other relationship with Seller Defendants (SAC ¶ 40).

Plaintiff alleges a number of misdeeds that Buyer Defendants, Seller Defendants, and DeGrande engaged in, all of which Plaintiff alleges were misrepresented to and concealed from Plaintiff's assignors: first, Buyer Defendants misrepresented their independent financial ability to make the initial downpayments and the amounts due under their notes (SAC ¶ 31); second, with Seller Defendants' knowledge, DeGrande supplied funds to each of the Buyer Defendants to be used as downpayments (SAC ¶ 44) and assured Buyer Defendants that he would be responsible for the monthly loan payments and other expenses associated with the condominiums (SAC ¶ 46); third, with Seller Defendants' knowledge, DeGrande instructed each of the Buyer Defendants to represent that the condominiums would be owner-occupied or used for the owners' personal business (SAC ¶ 45), which Buyer Defendants did represent (SAC ¶ 32); fourth, DeGrande caused Defendant Morgan's signature to be forged on certain promissory notes, sales contracts, and related loan documents, upon which Plaintiff's assignors relied in paying substantial funds to Seller Defendants (SAC ¶ 21, 48); fifth, pursuant to the Agreement, DeGrande solicited and secured the sale of the condominiums to Buyer Defendants at inflated prices (SAC ¶ 41) and concealed such information from Buyer Defendants by misrepresenting the fair market value of the condominiums, obtaining inflated appraisals for them (SAC ¶ 46) and using a procedure by which Seller Defendants and Buyer Defendants did not execute sales contracts until

3

the times of closing (SAC ¶ 41); sixth, Seller Defendants and DeGrande agreed that

Buyer Defendants would be deprived of their voting rights and other rights as members

of the condominium association, and that Buyer Defendants' rights to transfer or sell

their condominiums would be substantially restricted, all of which was concealed from

Plaintiff's assignors and from Buyer Defendants themselves (SAC ¶¶ 37-38); and

seventh, "pursuant to the Agreement, [Seller Defendants] commissioned DeGrande to

sell the [condominiums] and to split between them the proceeds of such sales" (SAC ¶

36), but that Seller Defendants paid DeGrande $2,483,389.52 in "Courtesy Payments"

from the total sales proceeds of $8,035,000.00, despite the fact that the Agreement

stated that DeGrande would not be paid any real estate commission, finders fee,

brokers fee, or other remuneration or compensation (SAC  ¶¶ 43, 47).

Standard of Review

Defendants move for dismissal pursuant to Rule 12(b)(6) for failure to state a

claim upon which relief can be granted, and because, according to Defendants, the

claim is "founded on conjecture and speculation," and therefore does not meet the

requirements of Rule 8 or Rule 9.  (Def.'s Mot. to Dismiss 2.)

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim

to relief that is plausible on its face."  *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555

(2007).  The court must accept as true all well-pleaded facts and construe all

reasonable allegations in the light most favorable to the plaintiff.  *United States v.*

*Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

My review is limited to the four corners of the complaint, *Koch v. Koch Indus.*,

4

203 F.3d 1202, 1236 (10th Cir. 2000), or in this case, the SAC, as well as any

documents referred to in the complaint that are central to the plaintiff's claim, as long as

the parties do not dispute the documents' authenticity, *Alvarado v. KOB-TV, LLC*, 493

F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936,

941 (10th Cir. 2002)).  In this case, that includes the Agreement, which is attached to

Seller Defendants' Motion to Dismiss, referred to extensively in the SAC, and is not

contested by either party.

<u>Discussion</u>

**Plaintiff's Third Claim for Relief - Fraud**

Plaintiff's Third Claim for Relief alleges that Seller Defendants fraudulently

misrepresented and/or concealed material facts from Plaintiff's assignors (SAC ¶ 64)

with the intent and effect of inducing them to issue loans to Buyer Defendants (SAC ¶¶

65-66).

There are two different theories under which a plaintiff can establish a claim for

fraud in Colorado - false representation and concealment - and the theories vary only

slightly.  *See* CJI-Civ. 19:1 *et seq.* (2009).  Three of Plaintiff's fraud allegations in the

SAC are based solely on a concealment theory (SAC ¶¶ 35, 37, 38), one is based solely

on a misrepresentation theory (SAC ¶ 40), and a number are apparently based on both,

stating that Seller Defendants and DeGrande "misrepresented and concealed" certain

information from Plaintiff's assignors (SAC ¶¶ 44, 45, 46, 47).

In order to prove fraud by concealment, a plaintiff must prove: (1) that the

defendant concealed a past or present fact which he had a duty to disclose; (2) the fact

was material; (3) the defendant concealed the fact with the intent of creating a false impression of the actual facts in the mind of the plaintiff; (4) the defendant concealed the fact with the intent that the plaintiff take a course of action he might not take if he knew the actual facts; (5) the plaintiff took such action or decided not to act relying on the assumption that the concealed fact did not exist or was different from what it actually was; and (7) this reliance caused losses to the plaintiff.  CJI-Civ. 19:2.  The requirements for proving fraud by misrepresentation are very similar to those for fraud by concealment; they require proof that: (1) the defendant has made a false representation of a past or present fact; (2) the fact was material; (3) at the time the representation was made, the defendant either knew the representation was false or was aware that he did not know whether the representation was true or false; (4) the defendant made the representation with the intent that the plaintiff would rely on the representation; (5) the plaintiff relied on the representation; (6) the plaintiff's reliance was justified; and (7) the plaintiff's reliance caused losses to the plaintiff.  CJI-Civ. 19:1.

Construing all reasonable allegations in the light most favorable to the Plaintiff, the Plaintiff has plead enough facts to state a claim that is plausible on its face. Notably, Plaintiff has alleged that Seller Defendants concealed information from and/or misrepresented information to Plaintiff's assignors (*see e.g.* SAC ¶¶ 35, 37, 38, 44, 45, 46, 47, 64), with the intent to mislead Plaintiff's assignors and induce Plaintiff's assignors to rely upon the information or lack thereof (SAC ¶ 65) and that Plaintiff's assignors did rely upon the information or lack of information, resulting in losses to them (SAC ¶¶ 66-67).

However, Seller Defendants additionally argue that Plaintiff's Third Claim for

Relief should be dismissed because it is not plead with sufficient particularity required by Rule 9(b) for claims of fraud.  ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed.R.Civ.P. 9(b).) (Def.'s Mot. to Dismiss 20-21.)

The Tenth Circuit requires that a complaint alleging fraud must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof."  *Koch*, 203 F.3d at 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Ntn'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).  The purpose of this requirement is to give defendants fair notice of a plaintiff's claims against them and the factual grounds upon which they are based. *Id.* at 1236-37.  At a minimum, this requires that a  plaintiff set forth the "who, what, when, where and how of the alleged fraud."  *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 727-28 (10th Cir. 2006) (internal and end citations and quotations omitted).  Generalized statements such as, "during 1982, and continuing to the present time, defendants planned and acted to conceal the true value of shares of stock in [the corporation] from plaintiffs and the other selling shareholders," and that the defendants failed to disclose the "existence, location, ownership, condition and true value of assets and property" owned by the corporation, do not suffice.  *Koch*, 203 F.3d at 1236-37.  They do not alert the Defendants to a sufficiently precise time frame to satisfy Rule 9(b)," and the allegation "specifies nothing about the content of the alleged misrepresentations, instead reciting a general statement that the Defendants 'fail[ed] to disclose the existence, location, ownership, condition and true value of. . . assets and

7

property,'" *id.* at 1237, and "failed to identify any specific Defendant who made these alleged fraudulent misrepresentations or omissions, a particularly important requirement in this case because of the number of individual defendants involved," id.

Turning first to the claim of fraudulent concealment, Plaintiff alleges specific facts that Seller Defendants never disclosed to Plaintiff's assignors, including the existence of the Agreement between Seller Defendants and DeGrande (SAC ¶ 11), the agreements between Seller Defendants and DeGrande to deprive Buyer Defendants of their voting rights (SAC ¶ 37) and to restrict Buyer Defendants' transfer and resale rights (SAC ¶ 38), the fact that DeGrande allegedly supplied downpayment funds to Buyer Defendants (SAC ¶ 44), the fact that DeGrande allegedly told Buyer Defendants to represent that the condominiums would be owner-occupied (SAC ¶ 45) and DeGrande's alleged misrepresentation of the fair market value of the condominiums, his obtaining inflated appraisals for them, as well as his promise to Buyer Defendants that he would be responsible for the monthly payments and expenses associated with the condominiums (SAC ¶ 46).  Accordingly, I conclude Plaintiff's claims of fraudulent concealment are sufficiently specific under Rule 9(b), and Seller Defendants' motion is denied to that extent.

As to Plaintiff's claims of fraudulent misrepresentation, it has alleged that Seller Defendants misrepresented to Plaintiff's assignors that DeGrande was "a transaction broker and had no other relationship with [Seller Defendants]."  (SAC ¶ 40.) Furthermore, in a number of its allegations, Plaintiff has asserted that Seller Defendants "misrepresented and concealed" information from Plaintiff's assignors.  (SAC ¶¶ 44, 45,

46, 47.)  The law in this jurisdiction is clear that in cases of misrepresentation, a complaint must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof" in order to "afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based."  *Koch*, 203 F.3d at 1236.  Yet, Plaintiff here has failed to state who made these misrepresentations, what that person said that was untruthful or misleading, and when or where it was said.  A lack of specificity on these points is insufficient under the law of this jurisdiction.  To the extent that Plaintiff's claims of fraud are based on fraudulent misrepresentation, as opposed to fraudulent concealment, Defendant's motion is granted and Plaintiff's claims are stricken due to their failure to comply with the requirements of Rule 9(b).

**Plaintiff's Fourth Claim for Relief - Civil Conspiracy**

Plaintiff's Fourth Claim for Relief alleges civil conspiracy against Seller Defendants.  In order to prove civil conspiracy under Colorado law, a plaintiff must prove that: (1) the defendants agreed, by words or conduct, to accomplish an unlawful goal; (2) one or more acts were performed to accomplish the unlawful goal; (3) the plaintiff had losses; and (4) the plaintiff's losses were caused by the acts performed to accomplish the goal.  CJI-Civ. 27:1.

Plaintiff has plead each required element: (1) an agreement between Seller Defendants and DeGrande to accomplish the unlawful goal of fraud; (2) a number of acts were performed to accomplish that goal; (3) Plaintiff suffered losses; and (4) those

losses were caused by the acts performed.  However, the fraud which is the unlawful

act that forms the basis of Plaintiff's civil conspiracy claim must be plead with specificity,

as required by Rule 9(b).  *In re Qwest Communications Intern., Inc. Securities Litigation*,

387 F.Supp.2d 1130, 1153 (D. Colo. 2005).  As I have already determined, Plaintiff's

allegations of fraudulent concealment are sufficiently specific under Rule 9(b), while the

allegations of fraudulent misrepresentation are not.


**Plaintiff's Fifth Claim for Relief - Respondeat Superior**

Plaintiff's Fifth Claim for Relief is a vicarious liability claim,[2] alleging that

DeGrande was Seller Defendants' agent, and consequently, Seller Defendants are

liable to Plaintiff for its losses and damages suffered as a result of DeGrande's conduct.

(SAC ¶ 80.)

As an initial matter, Seller Defendants have asked alternatively to have their

Motion to Dismiss Plaintiff's Fifth Claim for Relief treated as a Motion for Summary

Judgment by considering matters outside the pleadings pursuant to Rule 12(d) of the

Federal Rules of Civil Procedure.  (Def.'s Mot. to Dismiss 6.)  As indicated, I do consider

the Agreement as part of the Motion to Dismiss, but decline to convert this to a Motion

for Summary Judgment, especially since the parties are still engaged in discovery and

relevant information may well be disclosed.

---

[2] Plaintiff uses the term, "respondeat superior," usually limited to the employer-employee relationship.  There is no claim that DeGrande was Seller Defendants' employee, and I therefore interpret this claim, as did the Seller Defendants, to be a claim of vicarious liability.

Seller Defendants principally base their motion on language of the Agreement, which disclaims any agency relationship, and the Colorado law regarding real estate brokers, Colo. Rev. Stat. § 12-61-801 *et seq.* (2009).  The analysis should not be so limited, as the basic law of agency remains applicable.  An agency is created by agreement, written or oral, express or implied, where one person acts for another.  CJI-Civ. 7:3 (2009).  Whether agency exists is a question of fact, and the SAC alleges there was an agency relationship (SAC ¶ 73) in which Seller Defendants exercised control over DeGrande (SAC ¶¶ 39, 74).  As plead, the SAC states a plausible claim.  The Agreement's disclaimer is not controlling, *see Christoph v. Colo. Communications Corp.*, 946 P.2d 519, 523 (Colo. App. 1997), just as a so-called independent contractor agreement does not preclude the finding of an employment relationship, *see* CJI-Civ. 7:7 (2009); *Dana's Housekeeping v. Butterfield*, 807 P.2d 1218, 1221 (Colo. App. 1990).

Further, even if one were to limit the analysis to the Colorado statute concerning real estate brokers, although a broker is presumed to be a transaction broker, and not a seller's agent, absent written agreement, Colo. Rev. Stat. § 12-61-803(2), the statute still provides that a seller such as Seller Defendants can be held "vicariously liable for a broker's act or omissions" if they have been "approved, directed or ratified by such seller."  Colo. Rev. Stat. § 12-61-803(7).  Again, the allegations of the SAC plausibly state that DeGrande's actions were "approved, directed or ratified" by Seller Defendants, making them vicariously liable.  For example, paragraph 39 of the SAC provides that Seller Defendants "controlled and directed DeGrande in his efforts to sell [Seller Defendants'] [u]nits and the other action that he took in furtherance of [Seller

Defendants'] business." This states a plausible claim on its face, and the Motion to Dismiss should be denied.

### Plaintiff's Sixth Claim for Relief - Rights in Stolen Property

Finally, Plaintiff's Sixth Claim for Relief for rights in stolen property alleges that DeGrande caused the signature of Defendant Morgan to be forged on the loan documents for the three loans made to Defendant Morgan, which loan funds were paid to Seller Defendants (SAC ¶¶ 21, 82), which constitutes theft pursuant to Colo. Rev. Stat. § 18-4-401, *et seq.* (2009), and Plaintiff is entitled to recover the stolen funds from Seller Defendants, as well as attorney's fees pursuant to Colo. Rev. Stat. § 18-4-405.

Seller Defendants argue that the pleadings establish that no theft occurred (Def.'s Mot. to Dismiss 10) and that, because Plaintiff has relied upon the validity of Defendant Morgan's signature in foreclosing on the condominiums, it should be precluded from now arguing that his signature was forged (Def.'s Mot. to Dismiss 11).

Colo. Rev. Stat. § 18-4-405 provides:

> All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; but monetary damages and attorney fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property.

In order to recover allegedly stolen property under Colo. Rev. Stat. § 18-4-405, a person must prove that the original taker of the property committed an act that would constitute, *inter alia*, criminal theft in Colorado.  *West v. Roberts*, 143 P.3d 1037, 1040 (Colo. 2006).  Plaintiff's claim is that the alleged forgery of Defendant Morgan's signature on the loan documents constitutes theft pursuant to the Colorado Criminal Code, which defines theft as "knowingly obtain[ing] or exercis[ing] control over anything of value of another without authorization, or by threat or deception, and . . . [i]ntend[ing] to deprive the other person permanently of the use or benefit of the thing of value." Colo. Rev. Stat. § 18-4-401(1)(a).  In order to prove theft by deception in Colorado, one must prove that misrepresentations were made, that the victim relied upon the misrepresentations, and that reliance upon those misrepresentations caused the victim to part with something of value.  *People v. Carlson*, 72 P.3d 411 (Colo.App. 2003) (citing *People v. Norman*, 703 P.2d 1261 (Colo. 1985)).

Plaintiff alleges that DeGrande misrepresented the fact that Defendant Morgan actually signed the loan documents himself, that its assignors relied upon that misrepresentation by issuing the loans to Defendant Morgan, and finally that its assignors' reliance on DeGrande's misrepresentations caused them to part with something of value, namely the money that was loaned to Defendant Morgan, and dispersed to Seller Defendants.  (SAC ¶ 48, 83, 84.)  Accordingly, Plaintiff has sufficiently plead its claim for rights in stolen property under Colo. Rev. Stat § 18-4-405.[3]

---

[3] Seller Defendants originally contend that Plaintiff can not assert a plausible claim that a theft occurred because in Defendant Morgan's answer to Plaintiff's first Amended Complaint, he admitted executing the promissory notes for the loans that

Finally, Seller Defendants contend that because Plaintiff previously relied upon the validity of Defendant Morgan's signature on the promissory notes when it foreclosed on the condominiums Defendant Morgan purchased, Plaintiff should be judicially estopped from arguing that Defendant Morgan's signature was forged and "should not be allowed to change its position as to the validity of those documents to suit the exigencies of the moment." (Def.'s Mot. to Dismiss 11.)

In diversity cases such as this one, the doctrine of judicial estoppel is deemed to be a substantive rule, rather than a procedural rule, and accordingly, the applicable state law applies. *In re Osborn*, 24 F.3d 1199, 1207 n. 11 (10th Cir. 1994). Colorado only recognizes the doctrine of judicial estoppel under very specific circumstances. A party claiming judicial estoppel must show five things: (1) the two positions taken must have been taken by the same party or parties in privity with each other; (2) the positions must be taken in the same or related proceedings involving the same parties or parties in privity with each other; (3) the party taking the positions must have been successful in maintaining the first position and must have received some benefit in the first proceeding; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent, the truth of one necessarily precluding the truth of the other. *Arko v. People*, 183 P.3d 555, 560 (Colo. 2008)

---

Plaintiff's assignors issued to him. (Def.'s Mot. to Dismiss 10.) This argument ignores the fact that Plaintiff later filed the SAC, which superceded the first Amended Complaint, and amended paragraph 21. Thereafter, Defendant Morgan filed his Answer to the SAC (Docket No. 53), and admitted only that, *inter alia*, "M. Morgan's signature may have been forged on the Promissory Notes and the underlying sales contracts and related loan documents as further alleged herein." (SAC ¶ 21.)

(quoting *Estate of Burford v. Burford*, 935 P.2d 943, 948 (Colo. 1997)).

At this point, factual issues remain undetermined, such as Plaintiff's knowledge and intent, or when Plaintiff learned that Defendant Morgan's signature was forged. Accordingly, Seller Defendants' Motion to Dismiss Plaintiff's Sixth Claim for Relief should be denied.

It is therefore ordered:

1. Seller Defendants' Motion to Dismiss (Docket No. 54) is granted as to the Third and Fourth Claims for Relief based on misrepresentation only, and the Motion is otherwise denied.

2. Plaintiff's Third and Fourth Claims for Relief based on concealment, as well as Plaintiff's First, Second, Fifth and Sixth Claims for Relief remain pending.

DATED at Denver, Colorado, on September 30, 2009.

BY THE COURT:

s/ Walker D. Miller

United States Senior District Judge

PDF FINAL                                    15