IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00566-WDM-KLM

BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company,

    Plaintiff,

v.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI, and
MICHAEL VALDEZ,
WYCO EQUITIES, INC., a Wyoming corporation, and
FLOYD LEGERSKI,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND CERTIFICATION OF FACTS REGARDING CONTEMPT OF COURT
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants Wyco Equities, Inc. and Floyd Legerski's (the "Wyco Defendants") **Motion for Contempt Against Defendant Jason Pankoski** [Docket No. 240; Filed April 30, 2010] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1.C., the Motion has been referred to this Court for recommendation. I have reviewed the Motion, Defendant Pankoski's response [Docket No. 243], the Wyco Defendants' reply in support of the Motion [Docket No. 244], the applicable case law and the entire file, and am fully advised in the premises. For the

1

reasons stated below, I certify the facts as set forth below.

## I. Background

The Motion for Contempt arises from Defendant Pankoski's Motion to Quash for improper service [#140]. The court held an evidentiary hearing on Defendant Pankoski's Motion on August 11, 2009. However, Mr. Pankoski did not appear at the hearing. On August 14, 2009, the Court issued an Order denying Defendant Pankoski's Motion to Quash Service [#177]. The Court also granted the Wyco Defendants' request for attorneys' fees and costs accrued in litigating the Motion to Quash. The Wyco Defendants were ordered to submit an affidavit to the Court detailing the attorneys' fees and costs incurred in litigating the Motion to Quash. Mr. Pankoski was offered the opportunity to object to the affidavits submitted by the Wyco Defendants. Mr. Pankoski has not responded to the Affidavit of Attorney Fees and Costs submitted by Defendants Wyco and Legerski.

The Court ordered that on or before October 13, 2009, Defendant Pankoski reimburse the Wyco Defendants in the amount of $7,852.00 for the attorneys' fees and costs incurred in litigating the Motion to Quash. [#183]. Mr. Pankoski has not paid any money to the Wyco Defendants in satisfaction of the Court's Order.

## II. Analysis

**A.    Duty to Confer**

Before considering the merits of the Motion, the Court must address the parties' compliance with D.C.COLO.LCivR. 7.1 A., which requires that prior to filing a motion, the moving party must confer with the opposing party. Prior to moving for contempt against

Pankoski, the Wyco Defendants assert that they conferred with James Doherty, Mr. Pankoski's attorney in a related state court case. *Reply* [#244] at 2. Mr. Doherty informed the Wyco Defendants he was no longer representing Mr. Pankoski in this case. *Id.* at 3.[1]

The Wyco Defendants' counsel then contacted Mr. Pankoski directly by a letter dated March 24, 2010. *Id.* Ex. 1. Mr. Pankoski was informed again of the sanctions imposed by the Court. He was also advised about the proposed motion for contempt. The Wyco Defendants requested that Mr. Pankoski respond to the letter by April 3, 2010 in order to confer on the Motion. He did not do so. Instead, Mr. Pankoski sent opposing counsel an email. *Id.* Ex. 2. Mr. Pankoski asserted in his email that he was unable to pay the attorneys' fees and costs imposed by the Court because of his credit card bills, financial support for his girlfriend, child support payments, school fees for his daughter, and vacations. *Id.* Despite these communications between the parties, Mr. Pankoski alleges that the Wyco Defendants never conferred with him prior to filing the contempt motion.

Because counsel for the Wyco Defendants is an attorney and an officer of the Court, the Court is entitled to rely on the veracity of his statements. *Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996). Moreover, Mr. Pankoski's email demonstrates that he received the Wyco Defendants' letter, which constituted an explicit attempt to confer. Given the evidence presented by the Wyco Defendants, I find that counsel has made a "good faith" effort to confer, in accordance with D.C.COLO.LCivR 7.1A. There is no evidence to the contrary.

---

[1] Mr. Doherty represented Mr. Pankoski at the Motion to Quash hearing. According to the Court's docket, Mr. Doherty withdrew from representation of Mr. Pankoski on October 15, 2009. [#196]. Mr. Pankoski is now, therefore, appearing *pro se*.

**B.     Contempt**

Pursuant to 28 U.S.C. § 636(e)(6)(B), "[u]pon the commission of any such act . . . (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where . . . (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge . . . ."  This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) via an Order of Reference entered by District Judge Walker A. Miller [Docket No. 241].  Pursuant to 28 U.S.C. § 636(e)(6), in a civil contempt case,

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before the district judge.

The magistrate judge's contempt authority is limited to certifying the facts to the District Judge.  *Big O Tires, LLC v. D&T Auto Sales & Service, Inc.*, No. 09-cv-01509, 2010 WL 1568571, at * 2 (D. Colo. Jan. 8, 2010)(quoting *Bowens v. Atlantic Maintenance Corp.*, 546 F.Supp.2d 55, 71 (E.D.N.Y. 2008)).

It is well settled that "[a] district court has broad discretion in using its contempt power to require adherence to court orders."  *United States v. Riewe,* 676 F.2d 418, 421 (10th Cir. 1982).  Civil contempt has a remedial objective and seeks to compel future compliance with Court Orders.  *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827-28 (1994).  To hold a person in civil contempt, the Court must find, by clear and

4

convincing evidence, that (1) a valid Court Order existed; (2) the contemnor had knowledge of that Order; and (3) the contemnor disobeyed the Order. *FTC v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004). Once a *prima facie* case is established, the alleged contemnor must produce evidence explaining his noncompliance. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (citations omitted); *see also* 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2960 at 381-82 (2d ed. 1995). While evidence that a contemnor violated a prior Order in good faith may absolve the contemnor of wrongdoing, when "it is clear that [the contemnor] made a conscious decision, based upon an unreasonable interpretation of [a prior] order, . . . it cannot be said that [the contemnor has] taken all reasonable steps to ensure compliance." *Hart's Rocky Mtn. Retreat, Inc. v. Gayhart*, No. 06-cv-01235-WDM-BNB, 2007 WL 2491856, at *2 (D. Colo. Aug. 29, 2007) (unpublished decision).

While the Due Process Clause requires that a contemnor be given reasonable notice and an opportunity to be heard, *Kuykendall,* 371 F.3d at 754, a hearing is not required in every case where civil contempt is sought. For instance, the Court is not required to conduct an evidentiary hearing where there are no genuine issues of material fact, the accused contemnor had ample notice and opportunity to respond, and the parties did not request a hearing. *Gayhart,* 2007 WL 2491856, at *1 (citations omitted); *see also United States v. McVeigh*, 896 F. Supp. 1549, 1555 (W.D. Okla. 1995).

On September 14, 2009, the Court issued an order in favor of the Wyco Defendants and against Mr. Pankoski for attorneys' fees and costs incurred in litigating Mr. Pankoski's motion to quash [# 177]. Mr. Pankoski was ordered to pay the fees and costs by October 13, 2009. As of this date, Mr. Pankoski has not made any payment to the Wyco

Defendants, in violation of the Court's Order. *Motion* [# 240], Aff. of Floyd Legerski.

Mr. Pankoski essentially concedes these facts. He acknowledges the existence of the September 14, 2009 Order. He asserts that he lacks the ability to pay the fees and costs ordered by the Court. Mr. Pankoski alleges that this Court is biased against him and that another judge should consider the contempt motion. He asserts that I am biased "as proved by the excessive amount of attorney fees awarded . . . ."

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." In the Tenth Circuit, courts use a "reasonable person" standard in applying the statute. *See, e.g.*, *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable *factual* basis exists to call the judge's impartiality into question.").

The purpose of the statute is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993. Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). "'[U]nsubstantiated suggestions, speculations [and] opinions[]' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1204 (10th Cir. 2006) (citation omitted).

Although Mr. Pankoski's dissatisfaction with the Court is manifest, there is no basis

for concluding that my impartiality in this matter might reasonably be questioned. Indeed, the Tenth Circuit has made clear that although recusal motions are frequently based upon speculation or beliefs, prior adverse rulings in the proceeding, and/or baseless personal attacks on the judge by a party, none of these circumstances warrants recusal. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [Further], judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). There is no reason why my impartiality might *objectively* or *reasonably* be questioned in this case. The allegations and accusations made by Mr. Pankoski are unsubstantiated and insufficient. My duty remains to hear the case as assigned.

Having found that Mr. Pankoski had knowledge of and disobeyed this Court's valid Order, I must consider Mr. Pankoski's defenses.[2] Mr. Pankoski asserts that he is unable to comply with the Court's Order because he lacks the ability to pay. A party's complete financial inability to comply with an Order due, for example, to poverty or insolvency is a defense to a civil contempt charge. *Egnotovich v. Greenfield Township*, No. 10-1055, 2010 WL 1718713, at *2 (3d Cir. Apr. 29 2010). Mr. Pankoski has the burden to produce evidence demonstrating his inability to comply with the Court's Order. *O'Connor*, 972 F.2d at 1210; *Cook v. Rockwell Intern'l Corp.*, 907 F.Supp. 1460, (D. Colo. 1995). A contemnor

---

[2] Mr. Pankoski makes several disparaging comments about counsel in his response to the Motion, e.g., referring to opposing counsel as a "bloodsucker" and a "liar." Such language is not appropriate and any similar pleadings filed in the future will be stricken pursuant to Fed. R. Civ. P. 12(f). Moreover, further uncivil conduct of this kind will result in entry of sanctions.

7

"must show categorically and in detail why [he] is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). He must establish this inability "clearly, plainly and unmistakably." *Dell, Inc. v. Compudirect, Inc.*, 316 Fed. Appx. 32, 34 (2d Cir. 2009).

Mr. Pankoski has not presented any evidence demonstrating that he is financially unable to pay the amount of the sanctions, aside from his self-serving and conclusory statements. Instead, he asserts that "I have never had extra money to pay this. Beside being the sole source of support for my girlfriend and myself, I pay to support my daughter from a previous relationship." *Answer* [#243] at 3. He states that "I can't pay and never had the ability to pay." *Id.*

In response, the Wyco Defendants note that Mr. Pankoski stated in his deposition that he was employed at that time and that his answer to the contempt motion details other expenses he has paid instead of the money demanded by the Court Order. *See Reply* [#244] Ex. 3. The evidence shows that Mr. Pankoski is not so penurious as to allow him to ignore the Court's Order. He has apparently decided that certain expenses have priority over his obligations to the Court. In addition, he has shown no regard for the Court by failing to appear at the hearing on <u>his</u> motion. He never objected to the Wyco Defendants' fee affidavit. In sum, Mr. Pankoski has not offered a plausible explanation for his contemptuous conduct.

### III.     Conclusion

Based on the above, and in accordance with 28 U.S.C. § 636 (e)(6),

IT IS HEREBY **RECOMMENDED** that in view of the certified facts, Jason Pankoski shall appear before District Judge Walker D. Miller to show cause why he should be not be

8

adjudged in contempt.

IT IS FURTHER **ORDERED** that the Wyco Defendants shall effect personal service of this Recommendation of United States Magistrate Judge and Certification of Facts Regarding Contempt of Court on Jason Pankoski on or before **September 8, 2010** and provide proof of service to the Court on or before **September 15, 2010**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 26, 2010

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge