IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. 08-cv-00566-WDM-KLM

WYCO EQUITIES, INC., a Wyoming corporation, on behalf of itself and
as assignee of BAYVIEW LOAN SERVICING, LLC, a Delaware limited
liability company,
Plaintiff,

vs.

DAVID J. BOLAND,
DAVID CORSENTINO,
JOHN MORGAN,
ALL IN ONE ENTERPRISES, LLC, a Colorado limited liability company,
MATT MORGAN,
ADVANCED INVESTMENTS, LLC, a Colorado limited liability company,
JASON PANKOSKI,
MICHAEL VALDEZ,
DANNY DEGRANDE, and
DEGRANDE PROPERTIES, LLC,
Defendants.

---

## ORDER

---

THIS MATTER comes before me upon the Motion for Contempt against

Defendant Jason Pankoski ("Pankoski").  ECF No. 240. For the reasons set forth below,

I shall grant the Motion for Contempt.

### FINDINGS OF FACT

1. On September 11, 2009, the Court entered an Order in favor of WyCo

Equities, Inc. and Floyd Legerski ("WyCo" and "Legerski") against Pankoski in the

amount of $7,852.00 in attorneys' fees and costs incurred in litigating a Motion to

Quash.  ECF Nos. 177 & 183.

2. The Court specifically ordered Pankoski to "reimburse Defendants WyCo

Equities, Inc. and Floyd Legerski in the amount of $7,852.00 for the attorneys fees and

costs in litigation the Motion to Quash" and ordered that the payment be made on or

before October 13, 2009.  *See* Order Denying Motion to Quash, ECF No. 177; Order for

attorneys' fees and costs, ECF No. 183.

3. Thereafter, Pankoski made no attempt to pay WyCo or Legerski.

4. After counsel for WyCo and Legerski attempted to obtain payment, and

were not paid, WyCo and Legerski moved for contempt on April 30, 2010.

ECF No. 240.

5. On June 16, 2010, outside the twenty-one day response deadline, Pankoski

answered. ECF No. 243.

6.  On June 24, 2010 WyCo and Legerski filed their Reply in Support of the

Motion.  ECF No. 244.

7. On August 26, 2010, Magistrate Judge Mix issued a Report and

Recommendation (ECF No. 248) detailing her findings of fact.  Among her findings was

that Pankoski had not complied with her Order of September 11, 2009.  *See id.* at 2.

This finding was based, in part, upon Pankoski's admissions but Magistrate Judge Mix

also considered Pankoski's defense that he could not afford to pay the amount due.  *Id.*

Magistrate Judge Mix determined that Pankoski did not submit any evidence to support

his allegation of penury.  ECF No. 248.  Judge Mix stated:

> The evidence shows that Mr. Pankoski is not so penurious as to allow him to
> ignore the Court's Order.  He has apparently decided that certain expenses
> have priority over his obligations to the Court.  In addition, he has shown no
> regard for the Court by failing to appear at the hearing on his motion. He
> never objected to the Wyco Defendants' fee affidavit. In sum, Mr. Pankoski
> has not offered a plausible explanation for his contemptuous conduct.

Id. at 8.

2

8. Pankoski was served with Magistrate Judge Mix's Report and Recommendation Order on September 8, 2010.

9. On October 18, 2010, I accepted Magistrate Judge Mix's recommendation. I found, among other things, that Pankoski had not objected to Magistrate Judge Mix's recommendation and was not entitled to a *de novo* review. I ordered Pankoski to appear and show cause why he should not be found in contempt on November 18, 2010.

10. At the hearing on November 18, 2010, Pankoski requested that he be appointed counsel. Thereafter, Philip DuBois was appointed to represent him.

11. Pursuant to notice, a show cause hearing was held on February 7, 2011, at which Pankoski appeared with counsel and testified. The evidence showed Defendant had income with regular work and did not establish an inability to pay.

## CONCLUSIONS OF LAW

1. Initially , the burden was on WyCo and Legerski to demonstrate that Pankoski has failed to follow an order and should be found in contempt. WyCo and Legerski met this burden. *Reliance Ins. Co. v. Mast Const. Co.*, 84 F.3d 372 (10th Cir. 1996). WyCo and Legerski met their burden.

2. The burden then shifted to Pankoski to show why he should not be found in contempt and to demonstrate that he had made reasonable attempts to comply with the Court's Order. *See United States v. Rylander*, 460 U.S. 752, 757 (1983); *Cook v. Rockwell Int'l Corp.*, 907 F. Supp. 1460 (D. Colo. 2005). Pankoski failed to meet his burden.

3. It is established by clear and convincing evidence that Pankoski is in contempt

3

of the Court.

      4.  Pankoski should be given the opportunity to purge his contempt by payment. If he does not, he shall be further liable for the reasonable attorney fees of WyCo and Legerski incurred to enforce the original order.  *See Donovan v. Burlington Northern, Inc.*, 781 F.2d 680, 682 (9th Cir. 1986).

      Accordingly, it is ordered:

      1. Pankoski shall pay to WyCo and Legerski $7,852.00 in attorneys' fees and costs incurred in litigating the Motion to Quash (ECF No. 140).

      2. If Pankoski does not pay the $7,852 by April 1, 2011, Pankoski shall also pay to WyCo and Legerski their reasonable attorneys' fees incurred in having to enforce the Orders on the Motion to Quash (ECF Nos. 177 & 183).

      DATED at Denver, Colorado on this 3d day of March, 2011.

                  BY THE COURT:

_____

The Honorable Walker D. Miller

Senior United States District Court Judge